YATES, Presiding Judge,
dissenting.
I believe there is a genuine issue of material fact as to whether the company’s reason for terminating Robert Carter’s employment was a mere pretext for his filing a worker’s compensation claim. Therefore, I dissent.
The evidence viewed in a light most favorable to Carter as required under the summary-judgment standard, reflects that Carter began working for the company in June 1998. He was promoted shortly thereafter and given a pay raise. Carter received a Christmas bonus, even though the company claims he had exhibited poor work performance. Although Carter’s boss alleges that he was considering terminating Carter for poor performance, he subsequently authorized half of the overtime Carter claimed. Carter suffered a compensable on-the-job injury. He was treated for the injury and returned to work. On April 28, 1999, Carter had a doctor’s appointment and was told by the company to return to work on April 29, 1999, with a doctor’s report. It is undisputed that on April 29, Carter was at the hospital for tests required by the doctor. The company fired him on April 30, 1999, for failing to obey the company’s direct instruction to report to work on April 29, 1999. I believe there is a question of fact as to whether the company’s proffered reason for firing Carter was pretextual.